IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
SEP 30 2008
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

FELD ENTERTAINMENT, INC.,

    Plaintiff,

v.

PEOPLE FOR THE ETHICAL TREATMENT
OF ANIMALS,

    Defendant.

Action No. 2:08mc04

### PROTECTIVE ORDER

Whereas the parties to this action desire to adequately protect material that is being produced by People for the Ethical Treatment of Animals ("PeTA") pursuant to a subpoena *duces tecum* issued to it by FELD Entertainment, Inc., ("FEI") out of litigation pending in the District of Columbia, captioned as *ASPCA, et al. v. Ringling Bros., et al.* Civil Action No. 03-2006 (D.D.C.-EGS-JMP)(hereinafter referred to as the "D.C. Litigation"), as modified by this Court's Orders of July 22, 2008 and September 8, 2008 (hereinafter "Subpoena").

Upon agreement of the parties and for good cause shown, it is hereby Ordered that:

1. This Protective Order shall govern all information discovered by FEI through PeTA's responses to the Subpoena.

2. All documents, photographs, videotapes, information, and materials disclosed, furnished, or submitted, by or on behalf of PeTA to FEI in any manner in response to the Subpoena shall be used solely in connection with pre-trial proceedings, preparation for trial, trial,

1

post-trial proceedings, appellate proceedings, or other proceedings in the D.C. Litigation, and for no other use or purpose.

3. Access to the documents, photographs, videotapes, information, and materials provided by PeTA to FEI in response to FEI's Subpoena shall be restricted to the following individuals (hereinafter, "Qualified Persons") and only to the extent necessary to perform specific required tasks which are part of the D.C. Litigation:

    a.    the attorneys in the law firms appearing in this action or in the D.C. Litigation and personnel who are employees or contractors of those firms and are assisting the attorneys working on this action or the D.C. Litigation;

    b.    those officers, directors, and employees of FEI, potential witnesses, and other parties whose assistance is required in the preparation of the D.C. Litigation and who must have access to the documents, photographs, videotapes, information or materials to render such assistance;

    c.    experts or consultants retained in connection with the D.C. Litigation;

    d.    the Court and Court personnel, including stenographic reporters, engaged in such proceedings as are necessarily incident to the preparation or trial of the D.C. Litigation; and

    e.    such other persons as the parties shall agree to in writing or the Court shall determine.

4. Each Qualified person described in subparagraphs (b), (c) or (e) of the preceding paragraph to whom protected documents, photographs, videotapes, information, or materials are

to be furnished, shown, or disclosed shall be presented with a copy of this Protective Order and required to sign an Acknowledgment and Non-Disclosure Agreement. The language of the Acknowledgment and Non-Disclosure Agreement shall be as follows:

### ACKNOWLEDGMENT AND NON-DISCLOSURE AGREEMENT

I hereby certify my understanding that documents, photographs, videotapes, information, and material produced to Feld Entertainment, Inc. ("FEI") in the above-captioned case by People for the Ethical Treatment of Animals ("PeTA"), is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this action by the United States District Court for the Eastern District of Virginia, Norfolk Division on September 29, 2008 (the "Order"). I have read and understand the terms of the Order, I agree to be fully bound by them, and I hereby submit to the jurisdiction of the United Stated District Court for the Eastern District of Virginia, Norfolk Division for purposes of enforcement of the Order.

I understand that a violation of this undertaking is punishable as contempt of Court.

Dated:_____

Signature:_____     Print:_____

Copies of executed Acknowledgment and Non-Disclosure Agreements shall be furnished to PeTA upon execution, but in the case of testifying expert witnesses or lay witnesses the agreement need not be furnished until the expert and/or lay witness is identified in response to discovery, and in the case of non-testifying expert witnesses the agreement need not be furnished until the end of the trial of this matter.

5. No document or information produced by PeTA to FEI in this litigation shall be

produced or disclosed to any other person in connection with this litigation unless that person falls within the class of persons described in paragraph 3 (a-e) and agrees to be bound by the terms of this Protective Order. All such persons shall be bound by the terms of this Protective Order and shall not permit disclosure of the documents or the information contained therein other than pursuant to the terms of this Order. Counsel and their law firm personnel and Court personnel shall be bound by the terms of this Order without the need for signing an Acknowledgment and Non-Disclosure Agreement.

6. Within ninety (90) days after the final disposition of this case, including all appeals, (whether by judgment, settlement, appeal or otherwise), FEI shall return to PeTA all documents, photographs, videotapes, information, and materials, including all copies thereof (but not including copies containing notes or other attorneys' work product that may have been placed thereon by counsel for FEI). All copies containing notes or other attorneys' work product shall be destroyed within ninety (90) days of the final resolution of this action, at which time counsel for FEI shall confirm in writing to counsel for PeTA that such destruction has occurred. FEI and its counsel are responsible for the assembly and return of all protected material which were provided to other persons pursuant to the Acknowledgment and Non-Disclosure Agreement.

7. Nothing in this Order shall preclude or prevent a party from producing materials produced in response to the Subpoena in compliance with an appropriate order from a court of competent jurisdiction. However, prior to producing materials covered by this Protective Order in compliance with such an order, the producing party shall notify the ordering court of the existence of this Protective Order. The producing party shall also notify PeTA of the order requesting production prior to producing the documents pursuant to that order.

8. PeTA or FEI may apply to the Court for a modification of this Order, and nothing in the Order shall be deemed to prejudice their rights to seek modification. Any person or entity who is determined to be in violation of this Protective Order may be held in contempt of this Court.

9. Nothing in this Protective Order withdraws, diminishes, renders ineffective, or supersedes the continuing application of the Protective Order from the D.C. Litigation, as imposed on the parties to this litigation at the April 8, 2008 hearing in this litigation.

10. The court shall retain jurisdiction over this matter after conclusion of the D.C. Litigation for the limited purpose of enforcement of this Protective Order.

IT IS SO ORDERED.

/s/ _____
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

September 29, 2008

<u>Nunc Pro Tunc</u> September 25, 2008